1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL R. DAVIS, an individual,           No. 2:24-cv-00989-DJC-CSK

12                      Plaintiff,

13           v.                                  **<u>ORDER</u>**

14    CHRISITINE E. WORMUTH, Secretary
      of the Army, and DOES 1 through 20
15    inclusive,

16                      Defendants.

17

18          Plaintiff, a disabled veteran employed by the U.S. Army Corps of Engineers,

19    brings the instant suit under the federal Rehabilitation Act, 29 U.S.C. § 701, *et seq.*,

20    against his employer, alleging disability discrimination, failure to accommodate,

21    retaliation, and a hostile work environment.  Defendant moves to dismiss this

22    Complaint under Federal Rules of Civil Procedure 12(b)(1) for lack of standing and

23    12(b)(6) for failure to state a claim.  The matter was taken under submission without

24    oral argument on January 9, 2025, pursuant to Local Rule 230(g).  For the reasons

25    discussed below, the Court GRANTS in part and DENIES in part Defendant's Motion to

26    Dismiss.

27    ////

28    ////

                                              1

1

**BACKGROUND**

2          Plaintiff Michal R. Davis was hired by the U.S. Army Corp of Engineers

3     ("USACE") to maintain the safety and security of USACE District Headquarters in

4     Sacramento, California.  (ECF No. 11, hereinafter "FAC," ¶ 8.)  His duties included risk

5     management analysis with an emphasis on internal controls and identifying and

6     documenting potentially illegal actions that occurred at his duty site.  (*Id.* ¶ 11.)

7          He is a disabled veteran: in addition to walking with a cane, Plaintiff was

8     diagnosed with PTSD and anxiety, conditions for which he is receiving ongoing

9     treatment.  (*Id.* ¶ 9.)  Plaintiff timely explained his medical condition and disabilities to

10    all incoming USACE Chiefs and requested a reasonable accommodation of assistance

11    with sending emails; he did not request a reasonable accommodation related to his

12    unstable gait nor his PTSD or anxiety.  (*Id.*)

13         On October 19, 2020, Plaintiff was selected for a supervisory position with

14    USACE.  (*Id.* ¶ 10.)  Plaintiff asserts that while he was in that position he was improperly

15    pressured by his management to underreport his findings of potentially illegal actions

16    that occurred at the site.  (*Id.* ¶¶ 11–13.)  Plaintiff further claims that he was improperly

17    reprimanded for contacting USACE headquarters staff directly regarding the

18    performance of his duties without going through his direct supervisor.  (*Id.* ¶ 14.)  On

19    March 17, 2021, after experiencing a bad reaction from a COVID vaccination shot,

20    Plaintiff was instructed by his supervisor to remain at home rather than return to work.

21    (*Id.* ¶ 15.)  This resulted in Plaintiff missing a training that day, for which Plaintiff was

22    reprimanded.  (*Id.*)  Plaintiff further avers that he was unduly reprimanded for

23    incorrectly entering time on his timecard, which he states he was never properly

24    trained to do.  (*Id.* ¶ 16.)  Finally, Plaintiff was reprimanded for allegedly improperly

25    allowing the entry of a particular individual to the USACE facility, which Plaintiff asserts

26    was done according to protocol.  (*Id.* ¶ 18.)  These reprimands were used as the basis

27    for Plaintiff's demotion from his supervisory position on April 27, 2021.  (*Id.* ¶¶ 12–16.)

28    ////

1    Plaintiff asserts that several unnamed, non-disabled coworkers had similarly

2    acted in violation of USACE rules but were not as severely reprimanded as Plaintiff.

3    (*Id.* ¶¶ 15, 22.)  Plaintiff also claims that his supervisor would regularly draw attention

4    to the fact that Plaintiff walked with a cane and would make unwelcome comments

5    whenever Plaintiff walked successfully without his cane.  (*Id.* ¶ 20.)  Additionally, his

6    supervisor told Plaintiff that he "scared people," requiring Plaintiff to telework or be

7    placed on administrative leave as a result, which limited access to necessary systems

8    needed for Plaintiff to perform his job duties.  (*Id.* ¶ 21.)  Finally, Plaintiff posits that

9    Defendant failed to provide Plaintiff with a reasonable accommodation for his

10   disability during his employment with USACE and retaliated against him for not

11   amending various reports in favor of his employer.  (*Id.* ¶¶ 23, 24.)

## LEGAL STANDARD

13       A party may move to dismiss for "failure to state a claim upon which relief can

14   be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint

15   lacks a "cognizable legal theory or sufficient facts to support a cognizable legal

16   theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

17   While the Court assumes all factual allegations are true and construes "them in the

18   light most favorable to the nonmoving party," *Parks Sch. of Bus., Inc. v. Symington*, 51

19   F.3d 1480, 1484 (9th Cir. 1995), if the complaint's allegations do not "plausibly give

20   rise to an entitlement to relief" the motion must be granted, *Ashcroft v. Iqbal*, 556 U.S.

21   662, 679 (2009) ("*Iqbal*").

22       A complaint need contain only a "short and plain statement of the claim

23   showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed

24   factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*").

25   However, this rule demands more than unadorned accusations; "sufficient factual

26   matter" must make the claim at least plausible.  *Iqbal*, 556 U.S. at 678.  In the same

27   vein, conclusory or formulaic recitations of elements do not alone suffice.  *Id.*  "A claim

28   has facial plausibility when the plaintiff pleads factual content that allows the court to

3

1    draw the reasonable inference that the defendant is liable for the misconduct

2    alleged." *Id.* This evaluation of plausibility is a context-specific task drawing on

3    "judicial experience and common sense." *Id.* at 679.

4        A party may move to dismiss a complaint for lack of subject matter jurisdiction

5    under Federal Rule of Civil Procedure 12(b)(1). *See Nat'l Fed'n of the Blind of Cal. v.*

6    *Uber Techs., Inc.*, 103 F. Supp. 3d 1073, 1078 (N.D. Cal. 2015). "[The] party invoking

7    the federal court's jurisdiction has the burden of proving the actual existence of

8    subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir.1996).

9                                  **DISCUSSION**

10       The Court finds that while Plaintiff's pleaded facts are sparse, he meets the

11   generous threshold afforded to him for his disparate treatment claim at this stage in

12   the litigation. However, Plaintiff's failure to accommodate claim was not previously

13   raised to the U.S. Equal Employment Opportunity Commission (EEOC), and thus, the

14   Court lacks jurisdiction to consider it. On Plaintiff's final two allegations, his FAC does

15   not provide sufficient detail to satisfy the elements of a retaliation or hostile work

16   environment claim, and thus, those claims must be dismissed.

17   **1. Plaintiff's April 27, 2021, Removal From His Supervisory Position is Time**

18   **Barred and Thus Cannot be a Basis For Any of His Claims**

19       As a threshold matter, the Court must address Defendant's argument that

20   Plaintiff's April 27, 2021 dismissal from his supervisory position is time barred. In

21   order for a federal government employee to bring a discrimination suit under the

22   Rehabilitation Act, the employee must, among other things, initiate contact with an

23   EEOC counselor with 45 days of the alleged discriminatory act. 29 C.F.R.

24   § 1614.105(a)(1). "Each discrete discriminatory act starts a new clock for filing charges

25   alleging that act," and "discrete discriminatory acts are not actionable if time barred,

26   even when they are related to acts alleged in timely filed charges." *Nat'l R.R.*

27   *Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

28

1      Plaintiff claims that his April 27, 2021, removal from his supervisory position was

2    a discriminatory act.  (FAC ¶¶ 27, 34.)  Plaintiff filed a Formal Complaint of

3    Discrimination on December 2, 2021, with an appropriate EEOC contact; he does not

4    specify in his complaint what date he initially contact an EEOC office.  (FAC ¶ 5.)

5    However, in subsequent briefing, Plaintiff asserts that he contacted an EEOC

6    representative on August 30, 2021 (ECF No. 16, hereinafter "Opp'n" at 6), although

7    Defendant asserts it was at some point in September 2021 (ECF No. 12, hereinafter

8    "Mot.," at 2).  Even assuming Plaintiff is correct, his first contact with an EEOC

9    representative was more than 45 days after April 27, 2021, the date that Plaintiff was

10    terminated from his supervisory position with USACE, meaning his claims related to

11    his removal are untimely.  (*See* FAC ¶ 10.)  And even though Plaintiff alleges a

12    subsequent act of discrimination after his removal (FAC ¶ 21), that discrete act began

13    a new window for contacting the EEOC specifically pertaining to that act, rather than

14    extending the time window related to Plaintiff's previous removal from his supervisory

15    position.  *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 113.

16      As a result, Plaintiff's removal from his supervisory position, although it is an

17    allegedly discriminatory act, cannot be the basis for any subsequent claim brought by

18    Plaintiff.  *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002) (failure to exhaust

19    available administrative remedies is "fatal to a federal employee's discrimination

20    claim").  Additionally, the acts that ostensibly formed the basis for that allegedly

21    retaliatory removal (not changing his reported security findings, directly contacting

22    USACE HQ staff, missing training, incorrectly entering timecard data, and improperly

23    allowing an individual to enter the site) are similarly time barred because they pertain

24    to his removal.  Defendant's Motion to Dismiss claims related to Plaintiff's removal

25    from his supervisory position is GRANTED.  And since Plaintiff cannot cure this defect,

26    amendment would be futile.

27      That said, claims related to Plaintiff's administrative leave and telework

28    assignment are within the statute of limitations period.  Plaintiff's administrative

1   leave/telework assignment was effectuated on approximately August 16, 2021, within

2   the 45-day window identified by both parties, and thus, that incident can serve as a

3   basis for Plaintiff's claims.  (*See* FAC ¶ 21.)

4   **2. Plaintiff's Disability Discrimination Claim is Viable (Cause of Action 1)**

5   Plaintiff asserts that USACE employees discriminated against him due to his

6   actual or perceived disabilities.  Courts apply *Iqbal* and *Twombly*'s pleading standard

7   to employment discrimination cases, requiring that a complaint must be facially

8   plausible.  *Mattioda v. Nelson*, 98 F. 4th 1164, 1174 (9th Cir. 2024).  District courts

9   have an "obligation to construe well-pleaded allegations" in favor of a plaintiff.  *Id.* at

10  1175; *Lathus v. City of Huntington Beach*, 56 F. 4th 1238, 1240 (9th Cir. 2023).  While

11  Plaintiff's alleged facts are sparse, the Court interprets all inferences in favor of the

12  Plaintiff.

13  Plaintiff's FAC meets the threshold of a well-pleaded complaint, albeit barely.

14  While the FAC is noticeably devoid of key facts that could be asserted at this point in

15  the litigation and that would substantiate Plaintiff's various claims, his barebones

16  allegations are sufficient to establish a viable claim under Ninth Circuit caselaw.  At

17  this early stage, Plaintiff need not concretely show that Defendant's alleged

18  discrimination was in response to Plaintiff's disability.  *See Mattioda*, 98 F. 4th at 1175.

19  Instead, Plaintiff's claim survives if, taking all alleged facts as true and interpreting

20  them in favor of the Plaintiff, a Court can reasonably infer a nexus between his

21  disability and Defendant's alleged discriminatory actions.

22  Plaintiff meets that low bar.  He has identified that he is a disabled veteran who

23  suffers from anxiety and PTSD and walks with a cane, and that he shared this

24  information with "all incoming [USACE] Chiefs."  (FAC ¶ 9.)  He has also identified a

25  series of relevant actions taken by various supervisors, including remarks drawing

26  attention to Plaintiff's cane use and his ability to sometimes walk without a cane, a

27  comment that Plaintiff could be reprimanded if he took leave due to anxiety and

28  distress related to his PTSD without first getting approval, and a statement that he

1    needed to telework because he "scared people." (*Id.* ¶¶ 19–21.)  Additionally, Plaintiff

2    points to several unidentified, non-disabled employees who he alleges acted similarly

3    to him yet did not face similar consequences.  (*Id.* ¶¶ 15, 22.)  Taken together and

4    viewed in the light most favorable to Plaintiff, there could plausibly be a nexus

5    between Plaintiff's disability and his supervisors' actions, meeting the criteria to avoid

6    dismissal at this early stage.  In reaching this conclusion, the Court notes that his

7    supervisors' actions explicitly invoked Plaintiff's disabilities, either drawing attention to

8    them in an unflattering light or coming as a response to a request related to a

9    disability.

10        Accordingly, the Court finds that Plaintiff's disparate treatment claim survives

11    Defendant's Motion to Dismiss.

12    **3. Plaintiff Has Not Exhausted His Administrative Remedies in Bringing His**

13        **Failure to Accommodate Claim (Cause of Action 2)**

14        "A plaintiff must exhaust [their] administrative remedies by filing a timely charge

15    with the EEOC . . . thereby affording the agency an opportunity to investigate the

16    charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), abrogated

17    on other grounds by *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541 (2019).  The Court

18    may not consider "[a]llegations of discrimination not included in the plaintiff's

19    administrative charge . . . unless the new claims are like or reasonably related to the

20    allegations contained in the EEOC charge."  *Id.* at 1100, internal quotations omitted.

21    While courts are typically restrained from considering information outside of the

22    pleadings, it is "well established that courts may consider the administrative record of

23    a plaintiff's claims before the EEOC as judicially noticeable matters of public record."

24    *Lacayo v. Donahoe*, No. 14-CV-04077-JSC, 2015 WL 993448, at *9 (N.D. Cal. Mar. 4,

25    2015); *see also Sommatino v. U.S.*, 255 F.3d 704, 709 & fn.3 (9th Cir. 2001) ("In

26    reviewing a motion to dismiss based on lack of subject matter jurisdiction pursuant

27    to Fed. R. Civ. P. 12(b)(1) the court may consider affidavits or any other evidence

28    properly before the court.").

1    Defendant argues that Plaintiff has not raised his failure to accommodate claim

2  to the EEOC, and thus, that the Court cannot consider the issue.  The Court agrees.  In

3  Plaintiff's EEOC complaint (*see* Mot., Decl. of Toya Coleman, Ex. 5), of which the Court

4  grants judicial notice[1] as a valid matter of public record, Plaintiff makes no mention of

5  any failure to accommodate claim; he does not mention any need for accommodation

6  for any disability, nor his employer's failure to act on his request.  (*See id.*)

7    Plaintiff, acknowledging this deficit, argues that his reasonable accommodation

8  claim is "like or reasonably related to" his other, properly plead claims.  (*See* Opp'n at

9  10–11; *B.K.B.,* 276 F.3d at 1099.)  While it is true that Plaintiff has sufficiently pled a

10  disability discrimination claim, his failure to indicate that he sought, needed, or was

11  denied an accommodation related to his disability is fatal to his reasonable

12  accommodation claim presented to this Court.  Plaintiff's allegations that he was

13  discriminated against on the basis of his disability is not sufficient to put the EEOC on

14  notice that he had also been denied a reasonable accommodation for that disability.

15  *See Jefferson v. Time Warner Cable*, No. CV 11-5637-GW(CWX), 2012 WL 12887692,

16  at *15 (C.D. Cal. July 23, 2012) ("[O]ne cannot expect a failure to accommodate claim

17  to develop from an investigation into [discriminatory treatment]."), quoting *Green v.*

18  *Nat'l Steel Corp.*, 197 F.3d 894, 898 (7th Cir. 1999).

19    Accordingly, the Court lacks jurisdiction to consider Plaintiff's failure to

20  accommodate claim and it must be dismissed.

21  **4. Plaintiff Has Not Alleged Sufficient Facts to Support a Retaliation Claim**

22  **(Cause of Action 3)**

23    Plaintiff fails to allege sufficient facts to show a causal link between his

24  involvement in protected activities and an adverse action from his employer.  A prima

25  facie case of retaliation requires a plaintiff to show: "(1) involvement in a protected

26  activity, (2) an adverse employment action and (3) a causal link between the two."

27

28  [1] The Court, in granting judicial notice, recognizes the legal effect of the EEOC complaint, but does not consider the contents of the complaint for the truth of the matter asserted.

1   *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).  As to the first prong,

2   Plaintiff alleges he engaged in the following discrete activities that are protected

3   under federal law: (1) requesting a reasonable accommodation; (2) resisting efforts by

4   his supervisors to alter reported data; and (3) filing an EEOC complaint.  (FAC ¶¶ 34,

5   39.)  Taking plaintiff's second purported activity first, that he resisted efforts by his

6   supervisors to change reported information, that activity is not a valid basis on which

7   to state a claim.  Even if it were not time barred – and the Court has already

8   determined that it is, *see* supra section 1 – it is not a protected activity <u>under any civil</u>

9   <u>rights law</u>.  In other words, it has no relation to Plaintiff's disability or to any complaints

10   related to mistreatment as a result of that disability.  *See Jurado v. Eleven-Fifty Corp.*,

11   813 F.2d 1406, 1411–12 (9th Cir. 1987) (affirming dismissal of a retaliation claim where

12   the plaintiff did not engage in protected activity and where his complaint did not

13   concern discrimination prohibited by federal law).

14          That leaves his request for a reasonable accommodation and his filing of an

15   EEOC complaint, both of which plainly fall within the gamut of protected activities.

16   *See Rodriguez v. City of Colton*, 541 F. App'x 738, 739 (9th Cir. 2013) ("[A]ctivities

17   must plausibly bear some relation to discrimination on the basis of a protected

18   characteristic.").  But based on the allegations in the FAC, neither of these activities led

19   to an adverse employment action.  Plaintiff merely alleges that Defendant "retaliated

20   against Plaintiff by adversely affecting Plaintiff's employment."  (FAC ¶ 34.)  This

21   barebones allegation does not satisfy the standard for federal pleadings.  *See Iqbal*,

22   556 U.S. at 678.

23          Even if the Court were to extrapolate specific actions alleged in the Complaint

24   to have been taken by Defendant as being in response to Plaintiff's participation in

25   protected activities, none would qualify as an adverse employment action.[2]  For

26   example, Plaintiff pleads that Defendant made a comment to Plaintiff that failure to

27

28   ---

[2] As noted earlier, the Court has deemed Plaintiff's removal from his supervisory position and related acts as being time-barred. *See* supra, section 1.

1    utilize the right process of requesting leave could result in Plaintiff being considered

2    absent without leave until approval is given.  (FAC ¶ 20.)  While it is true this comment

3    was made in response to Plaintiff's post-hoc request to be absent from work due to

4    anxiety and distress, being advised of a USACE policy that approval must generally be

5    given for time off from work is not an adverse employment action – it is merely a

6    recitation of a standard employment practice.  Separately, Plaintiff asserts that his

7    reassignment to telework was in response to his coworkers being afraid of him.  (*Id.*

8    ¶ 21.)  While being assigned to solely telework may be an adverse employment

9    action, Plaintiff does not articulate that this was done in response to him having a

10    disability or otherwise participating in a protected activity.  In other words, Plaintiff has

11    not sufficiently linked any adverse action to his involvement in a protected activity (i.e.,

12    filing a report with the EEOC), and thus, he does not bring a plausible retaliation

13    claim.

14        **5.  Plaintiff Has Not Alleged Sufficient Facts to Support a Hostile Work**

15            **Environment Claim (Cause of Action 4)**

16        Plaintiff alleges that a number of acts from his supervisors at USACE

17    contributed to a hostile work environment.  Specifically, he points to being harassed

18    for using a cane, requesting reasonable accommodations, protesting being pressured

19    to be untruthful in reporting violations, filing a complaint with an EEOC contact, and

20    otherwise engaging in a protected activity.  (*Id.* ¶¶ 37–41.)

21        To prevail on a hostile-work-environment claim, a plaintiff must establish that:

22    (1) they were subjected to verbal or physical conduct concerning a protected

23    characteristic, such as race, sex, age, or disability; (2) the conduct was unwelcome;

24    and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his or

25    her employment and create an abusive work environment.  *See Vasquez v. Cnty. of*

26    *L.A.*, 349 F.3d 634, 642 (9th Cir. 2003), *as amended* (Jan. 2, 2004); *see also Fowler v.*

27    *Potter*, No. C 06-04716 SBA, 2008 WL 2383073, at *9 (N.D. Cal. June 9, 2008)

28    (including disability-related claims under hostile work environment framework).  This

1   conduct "must be extreme," and does not include "the ordinary tribulations of the

2   workplace, such as the sporadic use of abusive language." *Faragher v. City of Boca*

3   *Raton*, 524 U.S. 775, 788 (1998), internal quotations omitted.  In weighing these

4   claims, courts must weed out "[d]iscrete acts [of discrimination or retaliation] such as

5   termination, failure to promote, denial of transfer, or refusal to hire," which are claims

6   that are actionable in their own right and for which there is already a legal remedy

7   available to a plaintiff, from the more nebulous hostile work environment claims. *Nat'l*

8   *R.R. Passenger Corp.*, 536 U.S. at 114.  "[D]iscrete acts cannot be a part of a hostile

9   work environment claim." *Phan v. Emp. Dev. Dep't*, No. 2:16-CV-00256-KJM-CKD,

10  2017 WL 3116826, *4 (E.D. Cal. July 21, 2017).

11       Plaintiff posits that he was subject to "unwelcome harassment by NPS based on

12  his disabilities" and that the "harassment has been so severe and pervasive such that it

13  alters the terms of his employment."  (FAC ¶ 38.)  Plaintiff appears to have erroneously

14  referred to the National Parks Service, which is not a party to this case.  Interpreting

15  Plaintiff's claim as involving USACE, the Court finds that this claim fails.  None of the

16  limited facts as pleaded by Plaintiff meet the threshold of being severe enough to

17  alter his workplace.  *See Faragher*, 524 U.S. at 788.  Indeed, the majority of acts that

18  Plaintiff points to are discrete acts when themselves cannot support a hostile work

19  environment claim.  For example, Plaintiff points to being reprimanded for asking for

20  reasonable accommodations and being told to work from home or be placed on

21  leave due to him scaring people (which Plaintiff asserts was related to him having a

22  disability), both of which are which are discrete acts that provide a separate basis for

23  their own disability discrimination claim, as discussed earlier. *See Nat'l R.R. Passenger*

24  *Corp.*, 536 U.S. at 114; supra, section 1.  Separately, as discussed earlier, Plaintiff relies

25  on being reprimanded for refusing to alter the contents of his safety reports, which is

26  not a protected activity or related to a disability, and otherwise would not contribute

27  to a hostile work environment claim.

28  *////*

11

1    The remaining claims do not provide a sufficient base for a hostile work

2  environment claim.  Plaintiff references "numerous occasions" on which an unnamed

3  supervisor remarked on Plaintiff's cane usage.  (FAC ¶ 19).  While the Court can

4  understand how such comments might be unwelcome and could in theory contribute

5  to a hostile work environment, Plaintiff's conclusory assertion does not identify who

6  made the comments, when they occurred, how many times they occurred, or how

7  those comments contributed to an abusive work environment.  In other words, he

8  does not sufficiently demonstrate that these comments were more than "the sporadic

9  use of abusive language."  *See Faragher*, 525 U.S. at 788.

10    The last remaining act identified by Plaintiff – that he received an undue

11  reprimand for asking for leave – is not a discrete act because it does not otherwise

12  provide Plaintiff a separate disability-related cause of action.  (*See* FAC ¶ 20; Mot. at

13  3.)  And it is timely because it occurred within 45 days of the Plaintiff's EEOC contact.

14  *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 893 (9th Cir. 2005) (hostile work

15  environment claims must be based on timely, non-discrete acts.)  Accordingly, the

16  Court may consider this factual allegation as part of a hostile work environment claim.

17  But as discussed earlier, Plaintiff's supervisor's response regarding USACE's leave

18  policy is hardly an offensive answer to Plaintiff.  While Plaintiff's underlying PTSD and

19  anxiety may certainly be severe, a supervisor's advisement that, generally, an

20  employee must receive approval for time off requests or face punishment, is not

21  evidence of severe or pervasive harassment, nor does Plaintiff sufficiently express how

22  it implicates his disability.  Plaintiff otherwise does not allege facts that would support

23  a finding of a hostile work environment.  Accordingly, this claim is dismissed.

24  However, the Court will grant leave to amend to Plaintiff to refile this specific claim

25  with more concrete factual allegations.

26  ////

27  ////

28  ////

1    **6. Leave to Amend**

2    A court granting a motion to dismiss a claim must decide whether to grant

3    leave to amend.  Leave to amend should be "freely given" where there is no "undue

4    delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to

5    the opposing party by virtue of allowance of the amendment, [or] futility of [the]

6    amendment . . . ."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Cap., LLC v.*

7    *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the *Foman* factors as those to

8    be considered when deciding whether to grant leave to amend).  But, dismissal

9    without leave to amend may be proper if it is clear that "the complaint could not be

10    saved by any amendment."  *Intri-Plex Techs.*, *Inc. v. Crest Group, Inc.*, 499 F.3d 1048,

11    1056 (9th Cir. 2007) (citing *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005);

12    *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need

13    not be granted where the amendment of the complaint . . . constitutes an exercise in

14    futility . . . .")).

15    Here, Plaintiff's second claim cannot be remedied by pleading additional facts,

16    as the court lacks jurisdiction over it, and thus, it must be dismissed with prejudice.

17    Plaintiff's third and fourth claims may be remedied by the pleading of additional facts

18    as discussed above, should they exist.  Accordingly, the Court will dismiss Plaintiff's

19    third and fourth claim with leave to amend.

20                                            **CONCLUSION**

21    In accordance with the above, IT IS HEREBY ORDERED as follows:

22    1.  Defendant's Motion to Dismiss (ECF No. 12) is hereby GRANTED to the extent

23        the relief sought is based on Plaintiff's removal from his supervisory position;

24    2.  Defendant's Motion to Dismiss is otherwise DENIED as to cause of action one;

25    3.  Defendant's Motion to Dismiss is otherwise GRANTED WITH PREJUDICE as to

26        cause of action two;

27    4.  Defendant's Motion to Dismiss is otherwise GRANTED WITHOUT PREJUDICE as

28        to causes of action three and four;

13

5.  Plaintiff may file a Second Amended Complaint within 14 days of this Order; and

6.  The Motion to Dismiss the prior complaint (ECF No. 5) is DENIED AS MOOT.

Dated:  March 31, 2025                  /s/ Daniel J. Calabretta
                                        _____
                                        THE HONORABLE DANIEL J. CALABRETTA
                                        UNITED STATES DISTRICT JUDGE

14